# UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# FLORENCE DIVISION

| | |
|---|---|
| Doretha McElveen, Rodney McElveen, and Brandon Bellamy, ) ) ) | C.A. No. 4:09-cv-02293-JMC |
| Plaintiffs, ) ) | |
| v. ) ) | **ORDER AND OPINION** |
| City of Marion Police Department and City of Marion, ) ) ) ) | |
| Defendants. ) ) | |

This matter is before the court on Defendants City of Marion Police Department and City of Marion's ("Defendants") Motion for Partial Summary Judgment [Doc. # 14]. For the reasons set forth below, the court grants Defendants' Motion for Partial Summary Judgment and declines to exercise supplemental jurisdiction over the remaining state law claims. The state law claims are, therefore, dismissed without prejudice.

## FACTUAL BACKGROUND

Plaintiffs Doretha McElveen[1], Rodney McElveen, and Brandon Bellamy ("Plaintiffs") allege that on May 13, 2007, around 11:00 P.M, "the City of Marion Police Department responded to and was investigating a sho[oting] of an individual that occurred in front of the plaintiff's residence at 303 East Mullins Street, Marion, South Carolina." (Compl. ¶ 8.) Plaintiffs further allege that the "City of Marion Police Department "sought to search the premises of the plaintiffs' home in connection with the shooting." (Id. ¶ 10.) According to Plaintiffs, Doretha McElveen repeatedly

---

[1] Plaintiff Doretha McElveen voluntarily dismissed her claims without prejudice on October 14, 2010.

1

requested a copy of the search warrant but "was told by the City of Marion Police Department that they were in possession of a search warrant authorizing their search of the premises and that she didn't need to see the search warrant." (Id. ¶ 14.) Plaintiffs allege the "City of Marion Police Department repeatedly denied Doretha McElveen's request to see the search warrant and a copy of the search warrant." (Id. ¶ 15.)

Plaintiffs contend that, as a result of the search of the home, they were arrested and charged with multiple charges related to possession of drugs and guns found in the home. (Id. ¶ 16.) According to Plaintiffs, Doretha McElveen was detained in the Marion County Detention Center for approximately two days before she was released on bond, and Rodney McElveen and Brandon Bellamy were detained there for approximately 120 days before being released on bond. (Id. ¶¶ 17-18.) Plaintiffs allege that although the City of Marion Police Department insisted, during the course of the criminal investigation, that they secured a search warrant prior to entering Plaintiffs' home, "[e]vidence was discovered that indicated City of Marion Police Department obtained a warrant to search the plaintiffs' residence hours after the residence had been searched." (Id. ¶¶ 19-20.) Plaintiffs state, "The Twelfth Judicial Circuit Solicitor's Office dismissed all charges against the plaintiffs upon receipt of evidence that the City of Marion Police Department had obtained the search warrant hours after the residen[ce] was searched and property seized." (Id. ¶ 21.)

The Complaint was originally filed in the Court of Common Pleas of Marion County on or about May 12, 2009. However, because the Complaint alleged a constitutional violation pursuant to 42 U.S.C. § 1983 in addition to a state law cause of action, Defendants removed the matter to this court. Defendants filed this motion on June 3, 2010. Plaintiffs have not responded.

**LEGAL STANDARD**

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment may be granted where the nonmoving party fails to make a sufficient showing on an essential element of his case. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). In opposing such a motion, the nonmoving party "may not rest upon mere allegations or denials," but must produce sufficient evidence reasonably to support a verdict in its favor. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). A mere scintilla of evidence will not support the denial of summary judgment. *See Catawba Indian Tribe v. South Carolina*, 978 F.2d 1334, 1339 (4th Cir. 1992).

**DISCUSSION**

To state a claim under 42 U.S.C. § 1983, a plaintiff must show a deprivation of a right secured by the Constitution and the laws of the United States caused by an official acting under the color of state law. *See* 42 U.S.C. § 1983*; West v. Atkins*, 487 U.S. 42, 48 (1988). Municipal and agency liability under § 1983 arises where the constitutionally offensive acts are taken in furtherance of some official "policy or custom." *Milligan v. City of Newport News*, 743 F.2d 227, 229 (4th Cir. 1984) (quotation marks omitted).

Defendants contend that Plaintiffs have failed to demonstrate that any alleged constitutionally offensive acts were taken in furtherance of any policy of Defendants. Plaintiffs have not disputed Defendants' argument. Accordingly, Plaintiffs failed to make a sufficient showing on

an essential element of their case and Defendants are entitled to summary judgment as a matter of law.

Having found that Defendants are entitled to summary judgment regarding Plaintiffs' constitutional claim, the court declines to exercise supplemental jurisdiction over any claims for relief asserted against Defendants pursuant to state law. See 28 U.S.C. § 1367(c).

Accordingly, Defendants City of Marion Police Department and City of Marion's Motion for Partial Summary Judgment [Doc. # 14] is **GRANTED**. The court declines to exercise supplemental jurisdiction over the remaining state law claims. The state law claims are, therefore, dismissed without prejudice.

**IT IS SO ORDERED.**

s/ J. Michelle Childs<br>United States District Judge

January 28, 2011
Greenville, South Carolina